UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TEAMSTERS LOCAL 439,

    Plaintiff,

    v.

LEPRINO FOODS COMPANY,

    Defendant.

No. 2:18-cv-0280-MCE-CKD

**MEMORANDUM AND ORDER**

By way of this action, Plaintiff Teamsters Local 439 ("Plaintiff") seeks to compel Defendant Leprino Foods Company ("Defendant") to arbitrate, pursuant to the parties' Collective Bargaining Agreement ("CBA"), a grievance filed by Defendant's employee, Rita Shah. Plaintiff contends that Defendant impermissibly awarded a foreperson position to a fellow employee who had less seniority than Ms. Shah without first offering her the opportunity to bid for that position. Presently before the Court is Defendant's Motion to Dismiss (ECF No. 5) the Complaint on the basis that the express provisions of the CBA exclude Plaintiff's grievance from the agreement's arbitration provisions. For the following reasons, Defendant's Motion is GRANTED with leave to amend.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint

must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Section 19(A) of the CBA (Job Bidding) provides in pertinent part as follows:

> The working foreperson position shall be considered an assignment rather than a job classification for purposes of Sections 18 and 19 of this Agreement. **The designation of employees for such assignments is the exclusive right of the Employer and is not subject to review under this Agreement.** For purposes of layoff, bumping, disqualification or resignation of the working foreperson assignment, the working foreperson shall be considered to have remained within the classification previously held and reclaim his/her

3

> previously held position, provided that position is not held by a higher senior employee. If a higher senior employee is holding the position or the job has been eliminated, the employee will bump in accordance with Section 18 (D) 2.
>
> **The Employer shall consider candidates in the following order, but the Employer shall be the sole judge both of the employee's qualifications and of their suitability to the position in question, and no such judgment concerning the Employer's requirements shall be subject to the review under any provision of the Agreement** (the Employer shall post a list to afford employees the opportunity to indicate their interest in working foreperson assignments).

ECF No. 1-2 (emphasis added). Defendant contends that the express language above means what it says, namely that disputes regarding "working foreperson" positions are not subject to arbitration provisions included elsewhere in the CBA.

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960).

> [T]he question of arbitrability-whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator.

AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986). "[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." Id.

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

Id. at 650 (quoting Warrior & Gulf, 363 U.S. at 582-83). Despite that presumption, parties may expressly agree to exclude a particular grievance or set of grievances from the scope of arbitration. See Warrior & Gulf, 363 U.S. at 584-85. That is precisely what the parties did here.

4

The CBA is clear that "[t]he designation of employees for 'working foreperson' assignments is the **exclusive right** of the Employer and is **not subject to review under this Agreement**." ECF No. 1-2 at 15 (emphasis added). It then reiterates that "no . . . judgment concerning the Employer's requirements shall be subject to the review under any provision of the Agreement." Id. As such, Defendant's decision to designate another employee as foreperson in lieu of Plaintiff is not arbitrable.[2]

Plaintiff argues to the contrary that the "exclusion only applies to the Employer's initial assignment and determination of an employee's qualifications or suitability for the foreperson classification." Pl.'s Op., ECF No. 7, at 5. If that was what the parties intended, however, they should have said as much. Nothing in the exclusionary language limits its application to initial designations. Rather, the CBA expressly states, without identifying any exceptions, that challenges to foreperson assignments are not subject to review under the terms of the agreement. Defendant's Motion is thus well taken, and Plaintiff's Complaint is DISMISSED.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 5) is GRANTED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, this action will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: June 7, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that although it finds based on the current complaint that Ms. Shah's grievance is not arbitrable, that does not necessarily mean she is without a remedy in some alternative forum.

5